

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

August 30, 2005

Theodore Barone, Esq.
1359 Hancock Street, STE 4
Quincy, MA 02169

    Re:    United States v. Michael Arco
           Criminal No. 04-10372-WGY

Dear Mr. Barone:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Michael Arco ("Arco"), in the above-captioned case. The Agreement is as follows:

1. Change of Plea

At the earliest practicable date but in no event later than September 6, 2005, Arco shall plead guilty to the following count of the above-captioned Superseding Indictment:

Count One:    Conspiracy To Distribute Oxycodone, in violation of 21 U.S.C. § 846.

Arco expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crime charged in count one of the Superseding Indictment, and is in fact guilty of that offense.

2. Penalties

Arco faces the following maximum penalties:

Count One:    A maximum of 20 years' imprisonment, to be followed by a term of supervised release of at least 3 years up to life, a fine of up to

$1,000,000, and a $100 special assessment,

as well as forfeiture to the extent charged in the Superseding
Indictment.

3.  Sentencing Guidelines

The parties agree to jointly take the following positions
at sentencing with regard to offense conduct, adjustments and
criminal history under the United States Sentencing guidelines:

The parties agree to take the position that Arco is
responsible for an amount of oxycodone which is the equivalent
of 400 to 700 kilograms of marijuana and that the base offense
level is 28.

The U.S. Attorney's agreement that the disposition set forth
below is appropriate in this case is based, in part, on Arco's
prompt acceptance of personal responsibility for the offense of
conviction in this case.

The U.S. Attorney specifically may, at his sole option, be
released from his commitments under this Agreement, including,
but not limited to, his agreement that paragraph 4 constitutes
the appropriate disposition of this case, if at any time between
his execution of this Agreement and sentencing, Arco:

> (a) Fails to admit a complete factual basis for the
>     plea;
>
> (b) Fails to truthfully admit his conduct in the
>     offense of conviction;
>
> (c) Falsely denies, or frivolously contests, relevant
>     conduct for which Arco is accountable under
>     U.S.S.G. § 1B1.3;
>
> (d) Fails to provide truthful information about his
>     financial status;
>
> (e) Gives false or misleading testimony in any
>     proceeding relating to the criminal conduct
>     charged in this case and any relevant conduct for
>     which Arco is accountable under U.S.S.G. § 1B1.3;
>
> (f) Engages in acts which form a basis for finding
>     that Arco has obstructed or impeded the
>     administration of justice under U.S.S.G. § 3C1.1;

2

> (g) Intentionally fails to appear in Court or violates any condition of release;
>
> (h) Commits a crime; and/or
>
> (i) Transfers any asset protected under any provision of this Agreement.

Arco expressly understands that he may not withdraw his plea of guilty, unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4. Agreed Disposition

The U.S. Attorney and Arco agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this case:

> (a) Imprisonment for a period of 57 months;
>
> (b) A fine at the low end of the guidelines range, unless the court finds that Arco is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;
>
> (c) Forfeiture as set forth in paragraph 9;
>
> (d) Mandatory special assessment of $100;
>
> (e) Supervised release of three years.

The U.S. Attorney and Arco agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines, except as explicitly described in paragraph 3, above.

5. Payment of Mandatory Special Assessment

Arco agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Arco establishes to the satisfaction of the Court that Arco is financially unable to do so.

6. Protection of Assets for Payment of Restitution, Forfeiture and Fine

Arco agrees not to transfer, or authorize the transfer of,

3

any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Arco has agreed to forfeit pursuant to this Agreement.

This prohibition shall be effective as of the date of Arco's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing satisfied in full.

Arco further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

## 7.   Waiver of Rights to Appeal and to Bring Collateral Challenge

Arco is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Arco is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Arco knowingly and voluntarily waives his right to appeal or collaterally challenge:

> (1)  Arco's guilty plea and any other aspect of Arco's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and
>
> (2)  The imposition by the District Court of the sentence agreed to by the parties, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the parties with regard to the application of the U.S. Sentencing Guidelines.

Arco's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the

4

U.S. Attorney therefore retains his appeal rights.

### 8.    Probation Department Not Bound By Agreement

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office. Arco's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Arco cannot withdraw his plea of guilty unless the sentencing judge rejects this Agreement. If the sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or Arco. In this regard, Arco hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

### 9.    Forfeiture

Arco will forfeit to the United States any and all assets subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

Arco hereby acknowledges and agrees that the United States is not limited to forfeiture of the assets specifically listed in this section. If the U.S. Attorney determines that any directly forfeitable assets of Arco cannot be located upon exercise of due diligence, or have been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty, then the United States shall be entitled to forfeit as "substitute assets" any other assets of Arco up to the value of the directly forfeitable assets fitting any of the categories described in this sentence. The value of these assets, whether directly forfeitable or substitute assets, shall be determined by a court of appropriate jurisdiction.

In order to assist the United States in locating and forfeiting directly forfeitable and substitute assets, Arco shall deliver to the U.S. Attorney within thirty days after signing this Agreement a sworn financial statement, executed under the pains and penalties of perjury, fully and truthfully disclosing the existence, nature and location of all assets in which Arco currently has any legal or beneficial interest, and all assets over which Arco has exercised control, or has had any legal or beneficial interest, at any time from March 2003 to the

5

present. At the request of the U.S. Attorney, Arco further agrees to be deposed with respect to Arco's assets.

Forfeiture of substitute assets shall not be deemed an alteration of Arco's sentence. The forfeitures set forth herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Arco, nor shall the forfeitures be used to offset Arco's tax liability or any other debt owed to the United States.

In addition to all other waivers or releases set forth in this Agreement, Arco hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

Arco hereby waives and releases any and all claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets. Without limiting the generality of the foregoing, Arco hereby specifically waives and releases his claims to the Dreyse pistol, serial number 57053 seized by, or turned over to, the Drug Enforcement Administration on or about December 2, 2004.

## 10.  Information For Presentence Report

Arco agrees to provide all information requested by the U.S. Probation Office concerning his assets.

## 11.  Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Arco may have incurred or may incur as a result of his conduct and his plea of guilty to the charge specified in paragraph one of this Agreement.

## 12.  Withdrawal of Plea By Defendant

Should Arco move to withdraw his guilty plea at any time,

6

this Agreement shall be null and void at the option of the U.S. Attorney.

### 13. Breach of Agreement

If the U.S. Attorney determines that Arco has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Arco, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Arco recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Arco understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Arco before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Arco hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

### 14. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

### 15. Complete Agreement

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

7

        If this letter accurately reflects the Agreement between the
U.S. Attorney and Arco, please have Arco sign the Acknowledgment of
Agreement below.    Please also sign below as Witness.    Return the
original of this letter to Assistant U.S. Attorney Nancy Rue.

                                Very truly yours,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                        By:_____
                                LAURA J. KAPLAN, Chief
                                Violent   &   Organized   Crime
                                Section

                                WILLIAM WEINREB
                                NANCY RUE
                                Assistant U.S. Attorneys

8

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crime to which I have agreed to plead guilty, the maximum penalties for that offense and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offense to which I am pleading guilty and I believe this Agreement is in my best interest.

Michael Arco
Defendant

Date: 09/06/05

I certify that Michael Arco has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Theodore Barone, Esquire
Attorney for Michael Arco

Date: 09/06/05

9