UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

UNITED STATES OF AMERICA )
)
V. )   Docket No: 04-10372-WGY
)
MICHAEL ARCO )

2006 MAR 31  A 9: 43

U.S. DISTRICT COURT
DISTRICT OF MASS.

## DEFENDANT'S SENTENCING MEMORANDUM

### I. INTRODUCTION

The Defendant in the above captioned case, Michael Arco, hereby submits the following sentencing memorandum. Pursuant to a plea agreement with the government dated August 30, 2005, the defendant pleaded guilty on September 6, 2005 to the charges of conspiracy to distribute and to possess with intent to distribute oxycodone in violation 21 U.S.C. section 846 and criminal forfeiture via 21 U.S.C. section 853. The aforementioned plea agreement was entered into by the parties pursuant to Fed. R. Crim. P. 11(c)(1)(C) with the agreement that the following was the appropriate disposition in this case:

   a. imprisonment for a period of 57 months;

   b. a fine in the low end guidelines range unless the court finds that Arco is not able and even with the use of a reasonable scheduled installments schedule, is not likely to become able to pay a fine;

   c. forfeiture as set forth in paragraph 9 of the plea agreement;

   d. mandatory special assessment of $100.00 (*One Hundred Dollars*); and

   e. supervised release of three years.

The parties agreed that the only basis for departure was set forth in the plea agreement in paragraph 3 as the defendant's prompt acceptance for personal responsibility for the offense of conviction in this case.

Unites States Probation prepared a presentence report on January 18, 2006. Defendant responded and objected to certain sections of that presentence report on or about February 6, 2006. United States Probation revised the presentence report on February 17, 2006.

## II. POTENTIAL SENTENCING ISSUES

After reviewing the revised presentence report, the defendant's responses and objections to the original presentence report, and the plea agreement of the parties pursuant to Fed. R. Crim. P. 11(c)(1)(C) and dated August 30, 2005 (attached to the presentence report), the defendant submits that the following positions taken by United States Probation may be issues at the sentencing hearing:

A. Whether the defendant has accepted responsibility in light of the following factors:

1. His arrest on July 10, 2005 for criminal possession of a controlled substance (7th degree);

2. His alleged failure to notify pretrial services within 24 hours of arrest; and

3. The defendant's determination to remain in custody for the remaining pendency of the case rather than attempt to be released with modified conditions of supervision including

inpatient residence and to meet with pretrial services three times a week for the purpose of drug testing.

Please see Presentence Report, Par. 35.

B. Whether the position of United States Probation regarding alleged historical drug weight should be considered by this court in light of the following factors:

1. The agreement of parties, including the government, who is not expected to present any evidence of alleged historical weight at the sentencing hearing;

2. The apparent sole anticipated information regarding the alleged historical drug weight is the statement of the offense submitted by the government to United States Probation on November 4, 2005, as edited by United States Probation.

### III. ARGUMENT

**1. The Defendant Demonstrated Acceptance of Responsibility**

Criminal activity that has occurred while a defendant was on pretrial release in connection with a charged offense, but prior to that defendant's entry of a guilty plea to the charged offense, which was also not related to the charged offense, can be considered by the a district court in determining whether a defendant has demonstrated his acceptance of responsibility. See **United States v. McLaughlin,** 378 F. 3d 35, 38 (1st Cir. 2004). Even though the entry of a guilty plea prior to trial does not automatically entitle a defendant to a finding of acceptance of responsibility, such guilty plea "is impressive evidence of acceptance of responsibility... ." **Id.** at 39.

It may be argued by probation that defendant's arrest and being charged with criminal possession of a controlled substance (7th degree) combined with his alleged failure to notify U.S. pretrial services within 24 hour of his arrest as well as his decision to remain in pretrial custody after he was found in violation of his pretrial conditions and supervision and had his bailed revoked without prejudice, provides evidence that the defendant did not demonstrate an acceptance of responsibility. Defendant, however, points to the following factors that clearly demonstrate his acceptance of responsibility:

1. He pleaded guilty on September 6, 2005; and

2. the decision to remain in custody rather than have his custody status and revocation of bail modified so that he might be placed in an in-treatment residence and meet with pretrial services three times per week for the purpose of drug testing.

Rather than exhausting all avenues in an attempt to be released from pretrial custody, the defendant evidenced his acceptance of responsibility by simply accepting the court's judgment at the time his bail was revoked on July 28, 2005 and subsequently pleading guilty pursuant to a plea agreement dated August 30, 2005 on September 6, 2005. Defendant's choice at the time he was placed in pretrial custody to accept his loss of liberty without taking further steps to attempt to be released clearly shows that he acknowledged the responsibility of his actions in being arrested on July 10, 2005. In this way, the risk of any further problem emanating from a potential use/possession of a controlled substance would be effectively eliminated while he was in custody.

It is important to note that often times defendants similarly situated to this defendant may seek to exhaust any and all avenues to attempt to be released from pretrial custody which generally shows the natural desire to preserve individual liberty before the criminal case has been finally adjudicated. This defendant's choice to remain in custody before his case is concluded clearly evidences behavior by the defendant that suggests, "I was wrong to put myself in any situation that would risk a new arrest while I was on pretrial release and I accept my fate for that transgression."

The defendant's plea a little over a month after he was found in violation of his pretrial conditions, especially when coupled with his decision to remain in pretrial custody rather than seek other avenues of relief, strongly infers his candor and authentic remorse for his admitted conduct relative to the charges herein as well as an acceptance of the Court's decision to revoke his bail all in order to finish these proceedings without litigating related issues such as a potential modification of his bail revocation. **Id.** at 39-40 (The sentencing court must still find that the defendant exhibits "candor and authentic remorse" as opposed to mouthing "a pat recital of the vocabulary of contrition".)

Regarding the assertions by United States Probation in paragraph 35 of the presentence report regarding defendant's conduct related to his July 10, 2005 arrest, please also recall language set forth in another portion of that paragraph: "[t]he Court advised Arco that he would consider releasing him with modified conditions of supervision which included but were not limited to, placement in an inpatient residence in the Boston area and meeting with pretrial services three times per week for the purpose of drug testing." That

language supports the conclusion that there existed a potential for an alternative to pretrial custody rather than a court order to attempt to utilize such alternative.

Remaining in custody simplified the proceedings for all involved, this Court, the Government, U.S. Probation, and the defendant himself. That simplification process clearly supports the assertion that this defendant accepted his fate and his responsibilities for all his conduct and he then began serving his punishment.

### 2. The historical drug weight calculation set forth in the presentence report should not be considered.

The defendant does not expect the government to present any evidence of alleged historical weight at the sentencing hearing. The defendant and the government entered into a plea agreement and the defendant pleaded guilty whereby **the defendant admitted to a total of 900 Oxycontin pills**. (emphasis supplied) (Presentence Report, par. 31).

It appears the only historical drug weight information before the Court would be the statement of offense submitted by the government on November 4, 2005 to United States Probation (as edited by the Probation Office). (Presentence Report, Par. 15). The defendant contends that a statement of offense alone, especially where the government is not anticipated to present any evidence of historical weight at sentencing, cannot be considered reliable on its face nor satisfy any burden of proof regarding historical drug weight. See **United States v. Marks**, 365 F. 3d 101, 105 (1st Cir. 2004)(The government bears the burden of proving drug quantity at sentencing).

6

## IV. Conclusion

In light of the foregoing, the defendant requests that the Court accept the plea agreement entered into by the government and the defendant.

Respectfully submitted,
MICHAEL ARCO
By his Attorney,

Theodore A. Barone, Esq.
BARONE LAW OFFICES
1359 Hancock Street, Suite 4
Quincy, MA  02169
617-331-0228
BBO# 030190

## CERTIFICATE OF SERVICE

    I, Theodore A. Barone, hereby certify that I have served a copy of the foregoing DEFENDANT'S SENTENCING MEMORANDUM upon the government by delivering a copy of same to Nancy Rue, Assistant U.S. Attorney, U. S. Department of Justice, John Joseph Moakley United States Courthouse, Suite 9200, 1 Courthouse Way, Boston, MA  02210 and upon United States Probation by delivering a copy of same to Pamela Lombardini, U.S. Probation Officer, John Joseph Moakley United States Courthouse, Suite 1200, 1 Courthouse Way, Boston, MA  02210 this 31st day of March, 2006.

*[signature]*
Theodore A. Barone